IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIANE ROME PEEBLES,

        Plaintiff,

v.

GUIDESLY, INC.,

        Defendant.

Civil Action No. 1:22-cv-11443-PBS

## AMENDED ANSWER TO COMPLAINT

Defendant, Guidesly, Inc. ("Defendant") by and through its counsel Seyfarth Shaw LLP hereby answers the Complaint of Plaintiff Diane Rome Peebles ("Plaintiff) as follows, and to the extent that Defendant does not answer a specific averment, it is hereby denied:

### JURISDICTION AND VENUE

1. Defendant admits the allegations contained in Paragraph 1.

2. Defendant admits the allegations contained in Paragraph 2.

3. Defendant denies that it is organized under the laws of the Commonwealth of Massachusetts. Defendant admits the remaining allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4.

### PARTIES

5. Defendant has no basis to admit or deny the allegations contained in Paragraph 5 and therefore denies the same.

6. Defendant admits the allegations contained in Paragraph 6.

90935654v.1

7. Defendant admits the allegations contained in Paragraph 7.

**PARTIES**

8. Defendant has no basis to admit or deny the allegations contained in Paragraph 8 and therefore denies the same.

9. Defendant has no basis to admit or deny the allegations contained in Paragraph 9 and therefore denies the same.

10. Defendant has no basis to admit or deny the allegations contained in Paragraph 10 and therefore denies the same.

11. Defendant has no basis to admit or deny the allegations contained in Paragraph 11 and therefore denies the same.

12. Defendant has no basis to admit or deny the allegations contained in Paragraph 12 and therefore denies the same.

13. Defendant has no basis to admit or deny the allegations contained in Paragraph 13 and therefore denies the same.

14. Defendant has no basis to admit or deny the allegations contained in Paragraph 14 and therefore denies the same.

15. Defendant has no basis to admit or deny the allegations contained in Paragraph 15 and therefore denies the same.

16. Defendant has no basis to admit or deny the allegations contained in Paragraph 16 and therefore denies the same.

17. Defendant has no basis to admit or deny the allegations contained in Paragraph 17 and therefore denies the same.

18. Defendant has no basis to admit or deny that Plaintiff is the copyright holder of approximately three hundred forty (340) illustrations and therefore denies the same. Defendant admits that Plaintiff purports to be the copyright holder of the 54 fish illustrations that form the basis of this action.

19. Defendant admits that the titles of the 54 fish illustrations that make up the Works appear to be those listed in Paragraph 19.

20. Defendant admits that the fish illustrations listed from a. to hh. in Paragraph 19 appear to be registered with the United States Copyright Office under registration number VA 1-701-071. Defendant has no basis to admit or deny the remaining allegations contained in Paragraph 20 and therefore denies the same.

21. Defendant admits that the fish illustrations listed from ii. to qq. in Paragraph 19 appear to be registered with the United States Copyright Office under registration number VA 1-701-072. Defendant has no basis to admit or deny the remaining allegations contained in Paragraph 21 and therefore denies the same.

22. Defendant admits that the fish illustrations listed from rr. to bbb. in Paragraph 19 appear to be registered with the United States Copyright Office under registration number VA 1-930-721. Defendant has no basis to admit or deny the remaining allegations contained in Paragraph 22 and therefore denies the same.

## DEFENDANT'S CONDUCT

23. Defendant admits the allegations contained in Paragraph 23.

24. Defendant admits the allegations contained in Paragraph 24.

25. Defendant admits the allegations contained in Paragraph 25.

26. Defendant admits that users of the App could view fish illustrations in multiple locations within the App, but otherwise denies the remaining allegations contained in Paragraph 26.

27. Defendant denies the allegations contained in Paragraph 27.

28. Defendant admits that it derives revenue from various sources, but otherwise denies the remaining allegations contained in Paragraph 28.

29. Defendant admits the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

## COUNT I – COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

31. Defendant restates its responses to the above paragraphs as if fully set forth herein.

32. Defendant admits that Plaintiff purports to be the copyright holder of the 54 fish illustrations that make up the Works. Defendant denies the remaining allegations in Paragraph 32.

33. Paragraph 33 asserts legal conclusions to which no responsive pleading is required, and to the extent it contains allegations of fact, Defendant denies the same.

34. Paragraph 34 asserts legal conclusions to which no responsive pleading is required, and to the extent it contains allegations of fact, Defendant denies the same.

35. Paragraph 35 asserts legal conclusions to which no responsive pleading is required, and to the extent it contains allegations of fact, Defendant denies the same.

36. Paragraph 36 asserts legal conclusions to which no responsive pleading is required, and to the extent it contains allegations of fact, Defendant denies the same.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE – CLAIM BARRED BY LACK OF ORIGINALITY

37. Plaintiff collects specimens of fish from the open water, museums, or aquariums and identifies the diagnostic features indicative of the species including length ratios, fin ray and spine counts, and lateral line scale counts to create realistic illustrations of the fish.

38. In order to create the fish illustrations that make up the Works, Plaintiff drew the features that are indicative of the species of particular fish.

39. Plaintiff did not include original elements in the fish illustrations that make up the Works.

40. The fish illustrations that make up the Works lack a modicum of originality to warrant copyright protection because Plaintiff merely reproduces features that are indicative of the species included in the fish illustrations that make up the Works.

**SECOND DEFENSE – CLAIM BARRED BY THE MERGER DOCTRINE**

41. The merger doctrine denies copyright protection when creativity merges with reality such that there is one or limited ways to express a particular idea.

42. There is one or limited ways to create a realistic illustration of any given fish as features that are indicative of a fish must be reproduced with particularity.

43. The fish illustrations that make up the Works are realistic illustrations of fish with features that are indicative of a particular fish absent original elements.

44. Because there is one or limited ways to create realistic illustrations of fish, the merger doctrine bars copyright protection for the fish illustrations that make up the Works.

**THIRD DEFENSE – ABANDONMENT OF COPYRIGHTS**

45. Upon information and belief, Plaintiff placed the fish illustrations that make up the Works in the public domain.

46. Upon information and belief, Plaintiff allowed third parties to freely use the fish illustrations that make up the Works.

47. Upon information and belief, Plaintiff previously admitted to third parties that the fish illustrations that make up the Works were placed in the public domain.

48. As a result of Plaintiff's own admissions and actions, Plaintiff abandoned its copyrights in the fish illustrations that make up the Works.

49. Because Plaintiff abandoned its copyrights in the fish illustrations that make up the Works, the claim is barred.

**FOURTH DEFENSE – FRAUD ON THE COPYRIGHT OFFICE**

50. Upon information and belief, Plaintiff deliberately did not disclose that it abandoned its copyrights regarding the fish illustrations that make up the Works when it filed copyright applications for the Works.

51. Upon information and belief, the Copyright Office relied on Plaintiff's misrepresentations that it was the owner of the fish illustrations that make up the Works during review of the copyright applications for the Works.

52. Upon information and belief, the Copyright Office would not have issued registrations for the fish illustrations that make up the Works had Plaintiff disclosed the abandonment of its copyrights in the fish illustrations that make up the Works.

53. Because Plaintiff deliberately did not disclose that it abandoned its copyrights in the fish illustrations that make up the Works and the Copyright Office relied on the misrepresentations, Plaintiff committed fraud on the Copyright Office.

54. Plaintiff's claim is barred because it committed fraud on the Copyright Office.

### FIFTH DEFENSE – UNCLEAN HANDS

55. Upon information and belief, Plaintiff misrepresented itself to Defendant as the owner of the copyrights in the fish illustrations that make up the Works although they lack originality and had been placed in the public domain.

56. Upon information and belief, Plaintiff misrepresented itself to the Copyright Office and other third parties as the owner of the copyrights in the fish illustrations that make up the Works although they lack originality and had been placed in the public domain.

57. Because of Plaintiff's misrepresentations, the claim is barred by the doctrine of unclean hands.

### SIXTH DEFENSE – FAIR USE

58. The use of copyrighted materials may be allowed by the doctrine of fair use, which requires consideration and balancing of the following factors: 1. the purpose and character of the use; 2. the nature of the copyrighted work; 3. the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and 4. the effect of the use upon the potential market or value of the copyrighted work.

59. To the extent that Defendant used any aspects of the fish illustrations that make up the Works, they were used to educate third parties about the fish that could be

caught during fishing expeditions. Therefore, Defendant's use of any aspects of the fish illustrations that make up the Works was educational in nature.

60. Upon information and belief, Plaintiff lacks copyrights in the fish illustrations that make up the Works for the reasons stated above. Assuming *arguendo* that Plaintiff does own copyrights in the fish illustrations that make up the Works, the rights would be very thin and afforded a minimal scope of protection because the illustrations merely depict species of fish as they appear in the wild.

61. To the extent that any aspects of the fish illustrations that make up the Works were used by Defendant in any way, they were used sparingly and only appeared in limited areas on the App and Website where they would be used to educate third parties.

62. Defendant does not compete with Plaintiff in the market for the sale or licensing of fish illustrations. Upon information and belief, Plaintiff does not obtain any compensation for the licensing of its fish illustrations. Therefore, any use of any copyrightable aspects of the fish illustrations that make up the Works would not affect the potential market or value of the Works.

63. In balancing the four fair use factors, Defendant's use must be considered fair use.

**GUIDESLY INC.'S COUNTERCLAIMS**

Defendant/Counter-Plaintiff, Guidesly, Inc. ("Guidesly"), for its counterclaims against Plaintiff/Counter-Defendant, Diane Rome Peebles ("Peebles"), states as follows:

## THE PARTIES

1. Guidesly is a Delaware Corporation that is registered to do business in the Commonwealth of Massachusetts with its principal place of business in Topsfield, Massachusetts.

2. Peebles is an individual, residing in the State of Florida.

## JURISDICTION AND VENUE

3. This is an action for unfair competition under 15 U.S.C. § 1125 (the "Lanham Act") and Mass. Gen. Laws c. 93A § 11 and fraudulent misrepresentation.

4. The court has original jurisdiction regarding the Lanham Act unfair competition claim pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) because it arises under 15 U.S.C. § 1125.

5. The court has supplemental jurisdiction regarding the Massachusetts unfair competition and fraudulent misrepresentation claims pursuant to 28 U.S.C. § 1367 because they are related to the Lanham Act unfair competition claim arising under 15 U.S.C. § 1125 and they form the same case and controversy.

6. Peebles consented to this Court's personal jurisdiction by filing the Complaint in this Court.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to these claims occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

### Peebles Placed the Fish Illustrations in the Public Domain

8.  Peebles purports to be the owner of the copyrights in the illustrations included in: Registration No. VA0001701071 (the "071 Registration"); Registration No. VA0001701072 (the "072 Registration"); and Registration No. VA0001930721 (the "721 Registration").

9.  The 071 Registration includes thirty-four (34) illustrations, the 072 Registration includes nine (9) illustrations, and the 721 Registration includes eleven (11) illustrations (collectively the "Fish Illustrations").

10. Upon information and belief, Peebles provided the Fish Illustrations included in the 071 Registration and 072 Registration to the Florida Fish and Wildlife Conservation Commission (the "FFWCC") for inclusion in its archive.

11. Upon information and belief, in 2002 an individual named Steven M. Lewers ("Lewers") contacted the FFWCC requesting a license to the Fish Illustrations included in the 071 Registration and 072 Registration that were included in the FFWCC's archive.

12.     Upon information and belief, the FFWCC advised Lewers that the Fish Illustrations included in the 071 Registration and 072 Registration were in the public domain.

13.     Upon information and belief, in 2002 Peebles confirmed that Lewers could use the Fish Illustrations included in the 071 Registration and 072 Registration without a royalty payment.

14.     Upon information and belief, Peebles advised Lewers that digital files of the Fish Illustrations included in the 071 Registration and 072 Registration could be obtained directly from the FFWCC.

15.     Upon information and belief, in 2005 Peebles contacted Lewers advising him that "the State of Florida lawyers got everything approved for me to claim copyright to all of the [Fish Illustrations included in the 071 Registration and 072 Registration] [and] [t]hat means that anyone that used the [Fish Illustrations included in the 071 Registration and 072 Registration] while they were considered public domain can continue to do so." *See Exhibit A*, which is incorporated herein by reference.

16.     Upon information and belief, in 2007 Peebles wrote to Lewers noting that "there was an error regarding the copyrights to the [Fish Illustrations included in the 071 Registration and 072 Registration] and people were using them as if they were public domain." *See Exhibit B*, which is incorporated herein by reference.

**Peebles Misleads the Copyright Office**

17. Upon information and belief, on or about February 1, 2010, Peebles filed two copyright applications that matured into the 071 Registration and 072 Registration.

18. Upon information and belief, on or about October 9, 2014, Peebles filed one copyright application that matured into the 721 Registration.

19. As of the time of the filing of the applications that matured into the 071 Registration and 072 Registration, Peebles was aware that she had submitted to the public domain the Fish Illustrations included in the 071 Registration and 072 Registration and third parties were treating them as such.

20. At the time of the filing of the applications that matured into the 071 Registration and 072 Registration, Peebles was aware that she had admitted to Lewers and other third parties that the Fish Illustrations included in the 071 Registration and 072 Registration were in the public domain.

21. Upon information and belief, Peebles failed to disclose to the Copyright Office that the Fish Illustrations included in the 071 Registration and 072 Registration were placed in the public domain.

22. The Copyright Office would not have issued the 071 Registration and 072 Registration if Peebles had advised it that the Fish Illustrations included in the 071 Registration and 072 Registration had been placed in the public domain.

23. Upon information and belief, in 1998 Peebles provided the Fish Illustrations included in the 721 Registration to the International Game Fish Association ("IGFA") for publication in its Game Fish Database without restriction.

24. Upon information and belief, because of Peeble's treatment of the Fish Illustrations included in the 071 Registration and 072 Registration, Peebles similarly treated the Fish Illustrations included in the 721 Registration such that they had been placed in the public domain.

25. Upon information and belief, Peebles failed to disclose to the Copyright Office that the Fish Illustrations included in the 721 Registration had been placed in the public domain.

26. The Copyright Office would not have issued the 721 Registration if Peebles had advised it that the Fish Illustrations included in the 721 Registration had been placed in the public domain.

27. Upon information and belief, Peebles deceptively advertises on her website located at www.dianepeebles.com (the "Peebles Website") that the Fish Illustrations were not placed in the public domain.

### Guidesly's Business

28. Guidesly engages in the business of connecting individuals that wish to book fishing trips with experienced guides to lead the trips.

29. Guidesly operates a website located at www.guidesly.com (the "Guidesly Website") and two corresponding mobile applications called Guidesly and Guidesly Pro (collectively the "Apps") to conduct is business.

30. Guidesly, through its wholly own subsidiary called Guidesly India Private Limited, creates content including but not limited to illustrations of fish that are included on the Guidesly Website and the Apps.

31. Employees of Guidesly India Private Limited hand draw the illustrations that appear on the Guidesly Website and the Apps from references including photographs of fish.

## Peebles' Attempts to Shakedown Guidesly

32. On or about September 29, 2021, Peebles sent to Guidesly a letter (the "September 29 Letter") alleging that Peebles is the owner of the copyrights in the Fish Illustrations.

33. In the September 29 Letter, Peebles alleged that the illustrations that appeared on the Guidesly Website infringed her copyrights in the Fish Illustrations.

34. On or about November 12, 2021, Peebles sent to Guidesly another letter (the "November 12 Letter") reiterating the allegations included in the September 29 Letter.

35. The November 12 Letter stated that Peebles was willing to settle the matter for a staggering $1,620,000.00.

36. Prior to receipt of the September 29 Letter and November 12 Letter (collectively the "Letters") Guidesly was not aware of Peebles or her illustrations.

37. Upon receipt of the Letters, merely in order to avoid any controversy, Guidesly replaced the allegedly offensive illustrations that appeared on the Guidesly Website and Apps at its own expense.

38. The illustrations that currently appear on the Guidesly Website and Apps were hand drawn by Guidesly India Private Limited employees.

## COUNT I – UNFAIR COMPETITION UNDER THE LANHAM ACT
## (15 U.S.C. § 1125)

39. Guidesly restates the allegations contained in the preceding paragraphs 1 through 38 as if fully set forth herein.

40. Peebles' claim that she is the copyright owner of the Fish Illustrations is false or misleading as Peebles knew they lack originality to warrant protection and were placed in the public domain.

41. Peebles makes these false or misleading statements in commercial advertisement and promotion of the Fish Illustrations included on the Peebles Website.

42. The false or misleading statements are likely to deceive consumers to believe that Peebles owns copyrights in the Fish Illustrations.

43. The false or misleading statements appear on the Peebles Website, which is directed to consumers throughout the United States.

44. The false or misleading statements have caused and are likely to continue causing substantial injury to Guidesly and the public.

## COUNT II – MASSACHUSETTS STATE UNFAIR COMPETITION
### (Mass. Gen. Laws c. 93A § 11)

45. Guidesly restates the allegations contained in the preceding paragraphs 1 through 44 as if fully set forth herein.

46. Peebles' claim that she is the copyright owner of the Fish Illustrations is a deceptive act or practice as Peebles knew they lack originality to warrant protection and were placed in the public domain.

47. The deceptive act or practice compelled Guidesly to update the Guidesly Website and Apps at its own expense.

48. The deceptive act or practice caused and is likely to continue causing substantial injury to Guidesly and the public.

## COUNT III – FRAUDULENT MISREPRESENTATION

49. Guidesly restates the allegations contained in the preceding paragraphs 1 through 48 as if fully set forth herein.

50. Peebles' claim that she owns copyrights in the Fish Illustrations is a false statement of material fact as Peebles knew they lack originality to warrant protection and were placed in the public domain.

51. Peebles' claim was made to induce Guidesly to enter into a settlement agreement for an exorbitant price.

52. Guidesly reasonably relied on Peebles' claim to its detriment because it was compelled to update the Guidesly Website and Apps and attempt to resolve the matter at its own expense.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Guidesly prays for judgment that:

a. Peebles is not entitled to any judgment against Guidesly for any of the relief requested in paragraphs a through g of the Complaint.

b. Pursuant to 15 U.S.C. §1117, Guidesly be awarded damages, costs, and attorneys' fees.

c. Pursuant to Mass. Gen. Laws c. 93A § 11, that damages to Guidesly be trebled and Guidesly be awarded costs and attorneys' fees.

d. Guidesly be awarded such other and further relief as the Court deems just and proper.

**DATED: January 9, 2023**                         Respectfully submitted,

GUIDESLY, INC.

By Its Attorneys,


*/s/ Brian L. Michaelis*
Brian L. Michaelis
bmichaelis@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts  02210-2028
Telephone:   (617) 946-4800
Facsimile:    (617) 946-4801


and


*/s/ John Carl Zwisler*
John Carl Zwisler
jzwisler@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts  02210-2028
Telephone:   (617) 946-4800
Facsimile:    (617) 946-4801
(*Admission to Massachusetts District Court Forthcoming*)

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 9, 2023 a copy of the foregoing document was filed electronically through the Court's ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                  */s/ Brian L. Michaelis*
                                                  Brian L. Michaelis, Esq.